Weygandt, C. J.
The automobile here involved was sold and then resold several times, finally to the plaintiff. The controversy arises by reason of the fact that the original purchaser, a resident of Michigan, fraudulently resold the automobile on which he had executed a chattel mortgage and then concealed its existence. Hence, the mortgage lien was not noted on the certificate of title obtained by the plaintiff when he purchased *186 the automobile from the defendant, the Wearley Motor Company, in Toledo, Ohio.
On May 21,1960, the mortgagee repossessed the automobile without the plaintiff’s consent or knowledge.
Then the plaintiff made a demand on the defendant, the Wearley Motor Company, for the value of the automobile, for damages and for expenses. On the defendant’s refusal to pay, the plaintiff instituted this action alleging a breach of warranty of a valid title to the automobile.
The journal entry of the Court of Common Pleas reads as follows:
“The matter came on for hearing in open court * * * on the motion of the defendant, Wearley Motor Company, and the defendants, Clarence Tracy and Bernard D. Ross, d/b/a Ross Motors, joining therein, for a summary judgment against plaintiff * * * the court having examined the affidavit filed in support of said motion and the briefs of counsel, and being of the opinion that the pleadings in this action, together with the affidavit submitted in support of said motion, show that there is no genuine issue as to any material fact, and that the defendants, Wearley Motor Company, Clarence Tracy and Bernard D. Ross, have a right to such summary judgment as a matter of law; it is therefore, ordered that judgment be entered in favor of defendants, Wearley Motor Company, Clarence Tracy and Bernard D. Ross, and against plaintiff and that this cause be dismissed as to the defendants, Wearley Motor Company, Clarence Tracy and Bernard D. Ross, and that each of them recover their costs herein expended. Plaintiff hereby excepts to the entry of the foregoing order.”
This judgment was affirmed by the Court of Appeals.
The defendants rely strongly on the decision of this court in the case of Kelley Kar Co. v. Finkler, 155 Ohio St., 541, in the third paragraph of the syllabus of which it was held:
“3. Under the provisions of Section 6290-4, General Code [Section 4505.04, Revised Code], an Ohio court cannot recognize the right, title, claim or interest of any person in or to any motor vehicle sold or disposed of or mortgaged or incumbered in Ohio after the effective date of that section of the Code unless such right, title, claim or interest is evidenced by a certificate of title or manufacturer’s or importer’s certificate duly *187 issued in accordance with the provisions of the Certificate of Title Act.”
However, that case involved no guaranty of title as is present in the instant case. This guaranty reads in part:
“The above described automobile is specifically guaranteed as follows:

¿Í* * *

“Title to this car is guaranteed free and clear of all previous liens or incumbrances.”
It is suggested that this express guaranty is impliedly applicable to title defects occurring in Ohio alone where the plaintiff purchased the automobile. One difficulty with this contention is that the word “all” is employed in the guaranty without any semblance of limitation, and it is the view of a majority of this court that the provisions of Section 4505.04, Revised Code, do not nullify such a guaranty when the vendor of an automobile chooses to incorporate it in the terms of the transaction.
Under these circumstances it was error for the trial court to render a summary judgment for the defendants. The judgment is reversed and the cause is remanded to the Court of Common Pleas for final determination on the issues joined.

Judgment reversed.

Zimmerman, Matthias and Bell, JJ., concur.
Taet and O’Neill, JJ., concur in the judgment.
Herbert, J., not participating.